Donald A. Hansaker v. Commissioner.
Hansaker v. Commissioner
Docket No. 37846.
United States Tax Court
1952 Tax Ct. Memo LEXIS 17; 11 T.C.M. (CCH) 1184; T.C.M. (RIA) 52347; December 9, 1952
*17 Donald A. Hansaker, pro se. Melvin A. Bruck, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Petitioner, Donald A. Hansaker, filed a timely income tax return for the year 1950, on the cash basis with the collector of internal revenue for the district of Des Moines, Iowa. Petitioner's income tax return was filed by him as an individual. The Commissioner found a deficiency in income tax for the taxable year 1950 in the sum of $343, which deficiency resulted from a determination by the Commissioner that petitioner had in said return illegally claimed as dependents for said year four of his minor children. The sole issue involved is whether the respondent erred in disallowing as dependents Norma Hansaker, John Hansaker, Orvie Hansaker and LeRoy Hansaker. Prior to the year 1950 petitioner was married to the mother of the children claimed as dependents in his income tax return for 1950, and prior to said year was divorced from her by virtue of a divorce decree entered the 9th day of October 1947 by the District Court of the State of Iowa in and for Marion County. Said decree placed the custody of the minor children, so claimed as dependents, with *18 the mother and ever since said decree said minor children and also other unmarried children together with their mother have lived separate and apart from petitioner. In accordance with the terms of said decree of divorce, petitioner during the year 1950 paid at the office of the clerk of said District Court, to be used solely for the maintenance of said four minor children, a total sum of $780. He made no other contribution to their support during the tax year involved. There was no showing by petitioner, who was the sole witness in his behalf, that said sum of $780 represented 50 per cent or more of the total cost of support during the year 1950 of said four minor children so claimed as dependents by him. We have been unable from this record to determine the total cost of support of said minor children during the year 1950 and therefore are unable to compute the percentage of said total cost represented by said sum of $780 paid by petitioner for their support. The petitioner has failed to sustain the burden of proof imposed upon him by law. The deficiency in income tax for the year 1950 found, as aforesaid, by the respondent is correct. Decision will be entered for the respondent. *19